UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ResCap Liquidating Trust,                                            Civ. No. 14-3946 (PAM/HB)

                 Plaintiff,

                                                                 **AMENDED**

v.                                                      **MEMORANDUM AND ORDER**

Cadence Bank, N.A.,

                 Defendant.

This matter is before the Court on Defendant Cadence Bank's Motion to Dismiss Plaintiff ResCap Liquidating Trust's Second Amended Complaint. For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff ResCap Liquidating Trust is the successor to Residential Funding Company. This case is one of nearly 100 similar lawsuits ResCap/RFC has brought in this District, alleging that the mortgages banks sold to RFC, and which RFC subsequently securitized or sold, were defective and did not comply with the underwriting and originating standards in the parties' agreements, known as "Client Guides."

This case was filed in the Southern District of New York as an adversary proceeding in RFC's bankruptcy action. The bankruptcy reference was withdrawn at Cadence's request in the fall of 2014 and the case was transferred to this Court. RFC's Second Amended Complaint, like the complaints in the other actions, contains two claims: breach of contract and indemnification.

**DISCUSSION**

Cadence sold more than 35,000 mortgage loans to RFC over the course of the parties' relationship. (2d Am. Compl. ¶ 17.) Some of these loans were aggregated into mortgage-backed securities, and others were not securitized but were either retained by RFC or sold as whole loans. (Id. ¶¶ 24-25.)

RFC conducted an automated-value model ("AVM") review of the loans Cadence sold to RFC that were subsequently securitized. The review revealed that more than 85% of these loans had loan-to-value ratios greater than 100%, in addition to other serious defects. (Id. ¶ 45.) The review showed that 76% of these loans had at least one defect. (Id. ¶ 50.) A list of those more than 8,500 defective loans is attached to the Second Amended Complaint at Exhibit D.

Cadence now moves to dismiss both of RFC's claims. First, Cadence contends that RFC's breach-of-contract claim is untimely. Cadence also raises two arguments for dismissal that this Court previously denied in the similar Embrace Home Loans action: first, that RFC has failed to state a breach-of-contract claim with respect to the loans Cadence sold RFC that were not subsequently securitized, the so-called "whole" loans, and second, that RFC's indemnification claim fails because RFC has not pled any causation between Cadence's alleged breaches of its representations and warranties and RFC's losses. See Residential Funding Co., LLC v. Embrace Home Loans, Inc., No. 13cv3457, 2015 WL 1275340, at *3-4 (D. Minn. March 19, 2015). Finally, Cadence argues that one of the parties' contracts prohibit the sort of damages RFC seeks here, so that as to loans that fall

within that contract, RFC cannot claim any damages.

**A.     Statute of Limitations**

RFC filed the Complaint in this matter on May 13, 2014. RFC did not serve Cadence with the Complaint, however, until May 28, 2014. There is no dispute that the filing of the Complaint was within the Bankruptcy Code's two-year grace period, 11 U.S.C. § 108(a)(2), but that this grace period expired on May 14, 2014. Cadence asks the Court to determine that the case was therefore not "commenced" within the statute of limitations because Cadence was not served within that period, as Minnesota's procedural rules require. See Minn. R. Civ. P. 3.01(a) (establishing that a civil action is commenced on date summons is served on defendant).

But as Judge Susan Richard Nelson of this Court recently determined, after a thorough discussion of the caselaw and relevant principles, the operative limitations period here is not Minnesota's six-year breach-of-contract limitations period, but rather is the federal Bankruptcy Code's two-year limitations period. Mem. Op., In re: RFC and ResCap Liquidating Trust Litig., No. 13-3451 (Docket No. 452) (D. Minn. May 18, 2015) (Nelson, J.). Because federal law provides the limitations period, federal procedural rules must apply to that period. And the federal rules are clear: a civil case is "commenced" for purposes of the statute of limitations when the complaint is filed. Fed. R. Civ. P. 3. Thus, RFC timely filed the Complaint here within the limitations period.

**B.     Whole Loans and Indemnification**

The Court's recent decision in Embrace, 2015 WL 1275340 at *3-4, addressed and

rejected the arguments Cadence makes here with respect to whole loans and RFC's indemnification claim.  Cadence has not offered any new argument that would warrant a different result than that in Embrace.  The Motion on this point is denied.

**C.     Consequential Damages**

Cadence's final argument is that, under the operative contract, RFC waived any right to seek consequential or indirect damages from Cadence for loans sold between October 2002 and August 2005. (2d Am. Compl. Ex. A at ¶ 2.c.)  This waiver provision does not apply to RFC's indemnification claim, and thus Cadence's argument would not merit dismissal of all of RFC's claims as to this subset of loans in any event.  But whether the damages RFC seeks from Cadence are consequential or indirect within the meaning of this contract is a fact issue that cannot be determined on a motion to dismiss.  Cadence's Motion on this point is denied.

**CONCLUSION**

Embrace has failed to establish that RFC has no claim on which relief can be granted.  Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss the Second Amended Complaint (Docket No. 90) is **DENIED**.

Dated:  June 9, 2015

                                         *s/Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge